UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, INC., <br><br>                    Plaintiff, <br><br> v. <br><br> JOHN DOE subscriber assigned IP address 68.101.130.192, <br><br>                    Defendant. | Case No.:  21cv2115-JAH(KSC) <br><br> **ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** <br><br> **[Doc. No. 4.]** |

Before the Court is an *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference filed by plaintiff Strike 3 Holdings, LLC. Doc. No. 4.  For the reasons stated below, the Court finds that plaintiff's application must be GRANTED.

## I.   *BACKGROUND*

On December 21, 2021, plaintiff filed a Complaint against defendant John Doe subscriber assigned IP address 68.101.130.192 ("defendant"), asserting a claim for direct copyright infringement.  See Doc. No. 1.  Plaintiff alleges it is the owner of certain adult-content films that defendant is "stealing … on a grand scale" by downloading these films and distributing them to others without plaintiff's authorization, permission, or consent. *Id.* at ¶¶ 1-5, 51.  Defendant's identity is known to plaintiff only by defendant's IP

address: 68.101.130.192. *Id.* at ¶ 13; Doc. No. 4-1 at 7. Plaintiff therefore seeks the Court's leave to serve a subpoena pursuant to Fed. R. Civ. P. 45 on defendant's internet service provider ("ISP"), Cox Communications, to learn defendant's identity. *Id.* at 7. Plaintiff asserts that "[w]ithout this information," it cannot serve defendant, "nor pursue this lawsuit and protect its copyrights." *Id.* at 8.

## II.   <u>LEGAL STANDARDS</u>

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[I]n rare cases," however, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Courts permit early discovery "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating [a] request for expedited discovery").

The Ninth Circuit has held that when the defendant's identity is unknown at the time the complaint is filed, courts may grant a plaintiff leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie,* 629 F.2d at 642. "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578 (citations omitted). "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing," the plaintiff must show "that an act giving rise to civil liability actually occurred," and that the requested discovery is specifically aimed at … identifying … the person who committed the act. *Id.* at 579-80.

/ / /

## III.  DISCUSSION

District Courts apply a three-factor test when considering motions for early discovery to identify the defendant. *Id.* at 578-80.  First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the movant must describe "all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579.  Third, the plaintiff should establish that its suit against the defendant could withstand a motion to dismiss. *Id.*

### A.  *Identification of Missing Parties with Sufficient Specificity*.

A plaintiff can satisfy its burden of identifying the missing party with specificity by "identify[ing] the unique IP addresses" of the allegedly infringing individuals and then "us[ing] geolocation technology to trace these IP addresses to a point of origin." *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986, at 3 (N.D. Cal. June 21, 2011).  Here, plaintiff determined that Cox Communications provided the subject IP address associated with defendant and used geolocation technology to trace the IP address to an address located within this District.  Doc. No. 4-1 at 12-13; Doc. No. 4-2 at 29-30.  Plaintiff confirmed the information before filing its Complaint and again before filing the instant ex parte application.  Doc. No. 4-2 at 29-32.  The Court finds plaintiff has "sufficiently shown" that defendant is a "real person[] likely residing in California who may be sued in this Court." *Pink Lotus*, 2011 WL 2470986, at 3; *see also Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (finding that "IP address identification is sufficient, at this stage, to indicate a real person used the network to download the copyrighted files").

### B.  *Previous Attempts to Locate Defendant*.

Next, plaintiff must identify all previous steps taken to identify the Doe defendant in a good faith effort to locate and serve it. *Columbia Ins. Co.*, 185 F.R.D. at 579. Plaintiff reports it attempted to correlate defendant's IP address to defendant by using

web search tools, conducted research on other methods of identifying and locating defendant, and consulted with computer investigators and cyber security consultants. Doc. No. 4-1 at 14. Despite these efforts, plaintiff has been unable to identify defendant and represents it cannot do so without the requested discovery. *Id.* Accordingly, the Court finds that plaintiff has made a good-faith effort to identify and locate defendant before filing the instant application.

### C. *Ability to Withstand a Motion to Dismiss*.

Plaintiff's Complaint alleges a single cause of action against defendant for direct copyright infringement. Doc. No. 1 at ¶¶ 48-53. Plaintiff alleges it owns the subject intellectual property, which defendant copied and distributed without plaintiff's authorization, permission, or consent. Doc. No. 4-1 at 16; Doc. No. 1 at ¶ 51. The Court finds plaintiff has alleged a prima facie case of direct copyright infringement against defendant that would likely withstand a motion to dismiss for failure to state a claim. *See Malibu Media*, 319 F.R.D. at 305 (finding, on similar facts, that adult-entertainment company had established a prima facie claim for copyright infringement).

Plaintiff also bears the burden of establishing jurisdictional facts. *Columbia Ins. Co.*, 185 F.R.D. at 578 (citation omitted). Plaintiff, using geolocation technology, traced defendant's IP address to a point of origin within this District before filing its Complaint and again before filing the instant ex parte application. Doc. No. 4-1 at 12-13; Doc. No. 4-2 at 29-30. These facts are sufficient to show "that it is likely that the [d]efendant is located within the Southern District of California and is subject to the personal jurisdiction of the Court." *Criminal Prods., Inc. v. Doe*, No. 16-cv-02353-DMS-MDD, 2016 WL 6070355, at 3 (S.D. Cal. Oct. 17, 2016). The Court therefore finds plaintiff has alleged enough facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction.

For the same reason, venue appears proper. Civil actions for copyright infringement "may be instituted in the district in which defendant or his agent resides or may be found." 28 U.S.C.A. § 1400(1). A defendant is "found" for venue purposes

where he is subject to personal jurisdiction. Id. (footnote omitted). Further, plaintiff alleges venue is proper because defendant allegedly committed the infringing acts complained of in this District. Doc. No. 1 at ¶ 11. The Court finds that the Complaint could likely withstand a motion to dismiss for improper venue.

Accordingly, the Court finds that plaintiff has adequately demonstrated that the Complaint can likely survive a motion to dismiss.

## *Conclusion*

For the reasons set forth above, plaintiff's *Ex Parte* Application is GRANTED. It is hereby further ORDERED that:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 upon Cox Communications for the sole purpose of obtaining the name and address only of defendant John Doe, based on the IP address listed in the Complaint: 68.101.130.192. The subpoena shall not seek defendant's telephone number, email address, or Media Access Control (MAC) address, as this information is not necessary for plaintiff to identify and serve defendant.

2. The return date of the subpoena must allow for at least thirty (30) days from service to production. If Cox Communications intends to move to quash the subpoena, it must do so prior to the return date of the subpoena. If a motion to quash or other customer challenge is brought, Cox Communications must preserve the information sought by plaintiff pending resolution of the motion or challenge.

3. Cox Communications shall have fourteen (14) calendar days after service of the subpoena upon it to notify its subscriber that his/her identity has been subpoenaed by plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such
notice to challenge the disclosure to plaintiff by filing an appropriate pleading with this Court contesting the subpoena.

4. Plaintiff shall serve a copy of this Order with any subpoena served upon Cox Communications pursuant to this Order. Cox Communications, in turn, must

provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

5. Plaintiff may use the information disclosed pursuant to the subpoena only in pursuing this litigation.

6. No other discovery is authorized at this time.

IT IS SO ORDERED.

Dated: March 23, 2022

Hon. Karen S. Crawford
United States Magistrate Judge